UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV957 JCH |
| ) | |
| TWO HUNDRED AND EIGHT THOUSAND ) | |
| SIXTY DOLLARS ($208,060.00), ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Claimant Andrew Weitzenkorn's Motion to Dismiss (ECF No. 9), Motion to Suppress Evidence (ECF No. 10), and Motion to Suppress Statements (ECF No. 11). These motions are briefed fully and ready for disposition.[1]

## BACKGROUND

On November 21, 2010, a St. Charles Count Sheriff's deputy stopped Weitzenkorn's vehicle on Interstate 70 near Lake St. Louis. (ECF No. 26, p. 2). The deputy inquired about the purposes of Weitzenkorn's travel and his employment status. (Id.). Weitzenkorn claims that he responded that he had been retired for more than 3 years, but the government asserts that he stated he was not employed at the time. (Id.).

The deputy did not issue a warning to Weitzenkorn for improper lane use or following too closely. (Id.).[2] Weitzenkorn consented to the deputy's request to search his vehicle. (Id.). The

---

[1] Weitzenkorn has not filed a reply in support of his Motion to Dismiss but the time for filing a reply has passed. See E.D.Mo. L.R. 4.01(C).

[2] The government claims that the deputy issued a warning for improper lane use and following too close. (ECF No. 19, p. 2, n. 1).

deputy found a rubber bag with money in the vehicle. After the rubber bag was removed from the vehicle, the deputy asked Weitzenkorn about the money in the bag. (Id.). Weitzenkorn claims that the deputy told Weitzenkorn to write a statement indicating that the money did not belong to him and was used to buy drugs. (Id.). Weitzenkorn claims that he told the deputy that the money was his and he was using the money for an investment in Salt Lake City, Utah. (Id.). Weitzenkorn claims that the deputy threatened to arrest him if he did not execute his statement as instructed. (Id.). Weitzenkorn asserts that another marked police car came to the scene, but the deputy informed the police officers that no additional assistance was needed. (ECF No. 26, p. 3).

Thereafter, Weitzenkorn executed the waiver of his constitutional rights, statement, and currency disclaimer. (Id.; see also ECF Nos. 18-1, 18-2, 18-3). Weitzenkorn claims that he believed that if he did not waive his rights and make a statement, as instructed by the deputy, then he would be taken to an unknown destination and held for an indefinite period of time. (ECF No. 26, p. 3).

Weitzenkorn was allowed to leave the scene of the incident. (ECF No. 19, p. 4). The deputies took the currency back to the sheriff's office where a trained, drug-detecting canine indicated the money had the odor of narcotics. (Id.).

## DISCUSSION

### I.      Motion to Dismiss

In a terse motion, Weitzenkorn states that the Court should dismiss the judicial forfeiture proceedings because the Complaint "fails to state a claim upon which relief can be granted under Rule 12(b)(6) and more than ninety (90) days had elapsed after the date of the seizure of the monies by the St. Charles County Sheriff's deputies before notice of forfeiture and filing of the above-styled civil judicial forfeiture action occurred in violation of 18 U.S.C. Section 983." (ECF No. 9). For the reasons outlined below, Weitzenkorn's Motion to Dismiss is denied.

A.      Complaint States a Claim

Without any discussion, Weitzenkorn states that the Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).  (ECF No. 9). As noted by the government, Weitzenkorn does not provide a memorandum in support of his Motion to Dismiss as required under the local rules. See E.D.Mo. L.R. 4.01(A) ("Unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies.").  Because Weitzenkorn did not file a memorandum in support of his Motion to Dismiss and did not provide any argument or citation to support his Motion, the Motion to Dismiss fails on this basis alone.

In addition, the Court finds that the government has satisfied the requirements of Fed.R.Civ.P.Supp. Rule G(2)(f).  The verified complaint states that Weitzenkorn consented to the search of his vehicle pursuant to a lawful stop for a traffic violation.  (Complaint, ECF No. 1, ¶¶5-7). The complaint further alleges that, after the deputy found the defendant money, Weitzenkorn waived his Miranda rights and provided a written statement, disclaiming ownership of the money and identifying his participation in a drug transaction.  (Id., ¶9).  Accordingly, the Court finds that the complaint for forfeiture "state[s] sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  See Fed.R.Civ.P.Supp. Rule G(2)(f); United States v. 630 Ardmore Drive, 178 F. Supp. 2d 572, 580-81 (M.D.N.C. 2001)("Adequate evidence, as referred to in the statute, is not defined, but based upon a plain reading of the statute, it would appear that the Government's forfeiture claim can advance forward in face of a 12(b)(6) motion to dismiss even if the Government's Complaint does not provide all the facts that would allow the Government to ultimately succeed in the forfeiture proceeding.").

B.     Timely Filed

On November 21, 2010, St. Charles County deputies seized the currency at issue. (ECF No. 18, p. 5).  On December 15, 2010, a St. Charles County Circuit Court Judge signed an order transferring the defendant money to the Drug Enforcement Administration ("DEA"). (Id.). Pursuant to 18 U.S.C. §983(a)(1)(A)(iv), the DEA has ninety (90) days from the date of seizure to send out a notice to interested parties, if the seizure was by State or local officers.  The DEA deadline was February 19, 2011 to send notice of the seizure to interested parties.  The DEA sent notice on February 7, 2011.  (Id.). Weitzenkorn filed an administrative claim with the DEA on February 28, 2011, and the DEA transferred the case to the United States Attorney's Office for the Eastern District of Missouri for the filing of a civil complaint. (Id.). Pursuant to 18 U.S.C. §983(a)(3)(A), the United States Attorney's office has ninety (90) days from the filing of an administrative claim to file a civil complaint for forfeiture.  The deadline for the government to file a civil complaint for forfeiture was May 29, 2011.  The government filed the civil complaint for forfeiture on May 25, 2011. (ECF No. 1). Accordingly, the Court finds that the Complaint was timely and Weitzenkorn's Motion to Dismiss is denied.

## II.     Motions to Suppress Statements and Evidence

"[I]n a civil forfeiture action, the evidence relied upon by the government is subject to the exclusionary rule, which is a mechanism designed to enforce the Fourth Amendment." United States v. $ 321,590.00 in United States Currency, No. 8:08CV193, 2009 U.S. Dist. LEXIS 49896, at *26-27 (D. Neb. June 15, 2009)(citation omitted); United States v. $ 404,905.00 in U.S. Currency, 182 F.3d 643, 646 (8th Cir. 1999)("The Fourth Amendment's exclusionary rule applies to quasi-criminal forfeiture proceedings.").

The Court decides Weitzenkorn's motions to suppress without a hearing because the motion is vague and conclusory. See United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. Fla. 2000)(quoting United States v. Sneed, 732 F.2d 886, 888 (11th Cir.1984))("Where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion."). As noted by the government, Weitzenkorn's motions to suppress are "fatally generic" and do not warrant a hearing absent additional facts to support their merit. (ECF No. 19, p. 4). Weitzenkorn merely includes broad statements of the law with little or no application to the instant case. Accordingly, the Court denies Weitzenkorn's motions without a hearing.

A. Suppress Evidence

Weitzenkorn asks the court to suppress "[a]ny and all evidence as well as any other items seized, test results concerning items seized, testimony or statements made about any of the foregoing, and any testimony regarding any observations made" about him during the incident. (ECF No. 10, p. 1). Weitzenkorn claims that the search and seizure were made without authority and without a search warrant. (Id.). Weitzenkorn further claims that the seizure was not made incident to a lawful arrest because the arrest was made without a warrant, without authority and without probable cause that a felony had been committed. (Id., pp. 1-2). In addition, he claims that no exigent circumstances existed to justify a warrantless search and seizure and that the items were not in plain view. (Id., p. 2).

Weitzenkorn, however, does not dispute that he provided verbal consent to the deputy to search his car. (ECF No. 19, p. 3; ECF No. 26, p. 2 ("[w]ith Mr. Weitzenkorn's consent, the officers

conducted a search of Mr. Weitzenkorn's vehicle")).[3] Likewise, Weitzenkorn authorized the deputy to look in the green bag that was under the back seat of Weitzenkorn's vehicle. (ECF No. 19, p. 3). Thus, the search did not violate Weitzenkorn's Fourth Amendment rights because he consented to the searches of both his vehicle and to the bag of money.

Moreover, there is no evidence that Weitzenkorn was incapable of providing consent. Consent is voluntary if the suspect had "a reasonable appreciation of the nature and significance of his actions." United States v. Saenz, 474 F.3d 1132, 1136 (8th Cir. 2007). Weitzenkorn was of a mature age, 59 years old, and he does not indicate in his motion to suppress evidence that he was "intimidated, threatened, or coerced" into consenting to the search (ECF No. 10)[4]; United States v. Tam Ba Tran, 412 Fed. Appx. 923, 924 (8th Cir. 2011); United States v. Quintero, 648 F.3d 660 (8th Cir. N.D. 2011)(individual's age is a factor to consider when determining if consent was voluntary). The Court finds that Weitzenkorn has not stated facts to support a claim that the search was unlawful, given that he consented to the search. Accordingly, Weitzenkorn's motion is denied without prejudice.[5]

B.   Suppress Statements

Weitzenkorn claims that his statements should be suppressed because he was subjected to "mental, physical and psychological duress" during his interrogation. (ECF No. 11, p. 1). Weitzenkorn asserts that the conditions of his interrogation were "inherently coercive as applied to

---

[3]Weitzenkorn later asserts in the same document that he "did not voluntarily give consent to search the truck." (ECF No. 26).

[4]Weitzenkorn, however, makes this argument with respect to the motion to suppress statements. (ECF No. 11).

[5]Weitzenkorn states that he "would be happy to provide more specific grounds" to support his motions to suppress after discovery is complete. (ECF No. 26, p. 4). The Court denies his motions, without prejudice, and Weitzenkorn can re-file these motions once he develops the factual record.

a person of Claimant's education, background and physical and mental condition at the time of such interrogation..." (Id.). Weitzenkorn claims to be "a person of limited education, [who] was induced to make alleged statements by averments and promises of the arresting offices, and said averments being ones of implication in the offense charged and said promises were ones of leniency and of a desire to help claimant" (ECF No. 11, p. 2).  He also claims that he was not advised of his Miranda rights. (Id.).

Although he claims that he was not advised of his Miranda rights (ECF No. 11, p. 2), the evidence before the Court indicates that Weitzenkorn was advised of his Miranda rights via a waiver of rights form. (ECF No. 19-1).  Weitzenkorn signed the form, indicating that he understood these rights and agreed to waive them.  (Id.).  Weitzenkorn's execution of the waiver of his Miranda rights indicates that his waiver and his subsequent statements to the deputy were voluntary, knowing and intelligent. See United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008)(waiver of Miranda rights and failure to invoke those rights weighs in favor of a finding that the confession was voluntary).  Weitzenkorn has not provided any facts to rebut the evidence that he made a valid waiver of his Miranda rights.

In addition, the circumstances of Weitzenkorn's statement indicate that he was not coerced into making the statement.  Although Weitzenkorn claims he has limited education and that the officers made promises of leniency (ECF No. 11, p. 2), he does not provide any specificity regarding these claims.  Weitzenkorn fails to state his level of education or how that affected his ability to understand his rights and/or make a voluntary statement.  Likewise, Weitzenkorn provides no facts to support a claim that he was particularly susceptible to police pressure. United States v. Mendoza, 85 F.3d 1347, 1350 (8th Cir. 1996).  Generally, the mere promise of leniency does not make a statement involuntary.  See United States v. Santos-Garcia, 313 F.3d 1073, 1079 (8th Cir. 2002)

(noting that raised voices and promises of leniency do not render a confession involuntary); United States v. Kilgore, 58 F.3d 350, 353 (8th Cir. 1995)(even if defendant was confused and confessed to the crime on the mistaken belief that he had been promised leniency (or even if he had been promised some form of leniency), this circumstance alone would not make the defendant's confession involuntary). The Court finds no reason to conclude that Weitzenkorn lacked the capacity to waive his Miranda rights, or that his waiver was anything but knowingly, voluntarily, and intelligently given.

Taken as a whole, this circumstantial evidence demonstrates that Weitzenkorn's statements were made as an independent act of free will. Accordingly, the Court denies Weitzenkorn's motion to suppress statements, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Claimant Andrew Weitzenkorn's Motion to Dismiss (ECF No. 9), Motion to Suppress Evidence (ECF No. 10), and Motion to Suppress Statements (ECF No. 11) are **DENIED**, without prejudice.

Dated this   25th   day of October, 2011.


/s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE